**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 19 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALEKS PLLUMBAJ, | No.   15-72577 |
| Petitioner, | Agency No. A078-443-106 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2016**

Before:     WALLACE, LEAVY, and FISHER, Circuit Judges.

Aleks Pllumbaj, a native and citizen of Albania, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") order denying his motion to reopen removal

proceedings.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for

---

        *       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

abuse of discretion the denial of a motion to reopen. *Avagyan v. Holder*, 646 F.3d 672, 674 (9th Cir. 2011). We deny in part and dismiss in part the petition for review.

Pllumbaj's contention that the agency abused its discretion in not properly applying *Malty v. Ashcroft*, 381 F.3d 942 (9th Cir. 2004), is not supported, because the agency determined petitioner had demonstrated conditions had changed in Albania since Pllumbaj's initial removal hearing, but had failed to demonstrate a reasonable likelihood of meeting the requirements to establish prima facie eligibility for asylum and related relief. *See Malty,* 381 F.3d at 947-48; *Mendez-Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009) (concluding that the agency applies the correct legal standard where it expressly cites and applies relevant case law in rendering its decision).

Because the BIA made its determination on the merits and declined to address the IJ's departure bar findings, we need not reach Pllumbaj's contention that the IJ erred in finding that the immigration court lacked jurisdiction to reopen his proceedings.

In light of this decision, we need not reach Pllumbaj's contention that he is eligible for adjustment of status upon reopening of his removal proceedings. *See*

2                                                                          15-72577

*Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004).

We lack jurisdiction to consider Pllumbaj's unexhausted contention regarding the enforceability of his removal order. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**